CITY OF JACKSONVILLE, A MUNICIPAL CORPORATION, *Plaintiff in Error*, v. SARAH T. BELL, *Defendant in Error*.

## Division B.

## Opinion Filed April 19, 1927.

## Petition for Rehearing denied May 17, 1927.

1. Obstructions placed in public thoroughfares which are intended for the protection of the general traveling public do not constitute a nuisance and are not prohibited by the law.

2. Where an obstruction is placed in a street by a municipality for a lawful purpose and it becomes the duty of the municipality to keep such obstruction lighted during the dark hours and the evidence shows that the municipality used reasonable diligence to keep the obstruction so lighted during dark hours that it might be seen by persons approaching it and the evidence further shows that the light was burning within an hour prior to an injury at that place and was found to be in working and burning condition immediately after the injury occurred, the municipality cannot be held liable for actionable negligence upon the sole ground that the light was not burning at the time of the injury, unless it be shown that the municipality had actually received notice of the unlighted condition and had had sufficient time to remedy the defect.

3. A municipality can not be held liable for maintaining an obstruction in the street which obstruction is so placed in the street for the purpose of rendering that place safer for the public in general than it would be without such obstruction and which is for the purpose of protecting the life, limbs and property of that portion of the general public who must use such place for the lawful purpose of entering and departing from street cars.

4. If one knows of an obstruction existing in a street and knows that by the exercise of ordinary care he can avoid striking it while traveling along the street and so knowing

such facts so conducts himself as to strike such obstruction such striking on his part is *per se* contributory negligence and he can not recover for injury so sustained.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*Austin Miller, Gov. Hutchinson, Emmet Safay* and *Harvey Mabry,* for Plaintiff in Error;

*George C. Bedell* and *Chester Bedell,* for Defendant in Error.

BUFORD, J.—In this case the defendant in error sued the City of Jacksonville for damages resulting from injuries which she alleged were caused by driving a Ford car against an alleged obstruction in the street during the dark hours of the morning and when at the time the so-called obstruction was unlighted. She recovered a judgment for $6,000.00 and the defendant brings writ of error.

The undisputed evidence shows that the obstruction complained of is what is known as a "safety island", that is a concrete platform placed in the street by the side of and running parallel with the street car tracks to be used by persons when entering and departing from street cars; that such safety islands constitute one of the best known methods of protecting the safety of that great part of the public which uses street cars in cities for the purpose of being transported from one place to another; that the construction and maintenance of such safety islands has perceptibly reduced accidents and casualties in cities where same have been installed; that the purpose of the same is not to obstruct the thoroughfare but to make the thoroughfare more safe for those who must occupy it as pedestrians

when approaching or leaving a street car; that such constructions constitute a safety device of well known efficiency. The use of such devices by municipalities in which heavy traffic is prevalent is to be commended rather than condemned. Obstructions placed in public thoroughfares which are intended for the protection of the general traveling public do not constitute a nuisance and are not prohibited by the law. That law which is applicable to the right of maintenance of safety gates on railroad crossings (see Texter v. Baltimore, Ld. Baltimore etc. R. Co., 59 Md. 63; 43 Am. Rep. 540; Seibert v. Mo. Pac. R. Co. 188 Mo. 657; 87 S. W. 995) should be applied to the maintenance of such safety devices as is here under consideration.

There was a plea of contributory negligence.

The undisputed evidence is that the City maintained an electric light placed above the safety island and that such light was constructed and operated by modern scientific methods of approved character; that the light was burning within an hour prior to the accident and was in proper working order immediately after the accident. There is some conflict of testimony as to the hour at which the light would automatically go off in the morning, the question being whether this occurred at six-thirty o'clock or seven o'clock. This could make but little difference, however, as the probative force of the evidence shows conclusively that the accident occurred prior to six-thirty o'clock A. M. The defendant and her companion testified that they did not see the light and that if it had been burning they would have seen it. If, as a matter of fact, the light was not burning at the time and if it had been the duty of the municipality to keep a light burning at and during all hours of darkness, it could not be held liable in this instance for actionable negligence upon the sole ground that the light was not burning because it is conclusively shown that if the light was not burning at the time it had been burn-

ing immediately before the accident and there had not been sufficient time elapsed since the light had been seen burning by a city officer, for the city to have been charged with notice of the unlighted condition. The City could not be held liable for maintaining the obstruction in the street because, as has been hereinbefore stated, the obstruction or construction was placed in the street to render that place safer for the public in general than it would be without such construction and was largely for the purpose of protecting the life, limbs and property of that portion of the general public who even at this day must sometimes occupy the status of pedestrains, from the crush of powerful vehicles of all kinds.

Whether the light was burning or not could not affect the right of the defendant in this case to recover because the undisputed evidence, in fact her own testimony, shows that she was familiar with the street and that she had full knowledge of the alleged obstruction and of its character. It has been repeatedly held that if one knows of an obstruction and knows that by the exercise of ordinary care he can avoid striking it while traveling along the street, his act in striking it is *per se*, contributory negligence, 13 R. C. L. 478; Wheat v. St. Louis, 179 Mo. 572; 78 S. W. 790; 64 L. R. A. 592.

This Court in the case of Key West Electric Co. v. Albury, — Fla. —; 109 Sou. 223, say:

"Where one seeks to recover damages for personal injuries sustained by falling over materials placed on a public street by the defendant while working at the place where the injury occurred, the plaintiff cannot recover if she knew, or could have known by the exercise of ordinary caution, of the existence of the obstruction, and could have avoided the injury."

We are, therefore, of the opinion that the evidence shows conclusively that the defendant was not entitled to recover

for damages complained of and that this judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, AND TERRELL, J. J., AND LONG, Circuit Judge concur.

ELLIS, C. J., AND BROWN, J., dissent.

STRUM, J., disqualified, did not participate.

BROWN, J., dissenting in part:

I concur fully in the announcement of legal principles as made by Mr. Justice BUFORD, but I think the question of whether or not the light was kept burning by the defendant so as to give warning of the obstruction presented a question of negligence *vel non* for the jury to decide, and that there was enough evidence to sustain the jury's finding—The same thing applies to the question of contributory negligence—We cannot in this case say that plaintiff was guilty of contributory negligence, as a matter of law—Previous knowledge of this street and obstruction would not necessarily mean that plaintiff was negligent in hitting the obstruction in the darkness. The ''safety zones'' are narrow, and it would be hard for a person well acquainted with the street to tell in the darkness their exact location—Hence the city owes the public (including that portion of it that is familiar with the street) the duty to keep lights burning, so these safety islands may be avoided—I think therefore the judgement should be affirmed.

PER CURIAM.—Placing the concrete elevation in the street for the protection of the public who use street cars was within the authority of the city. The charter statute

expressly provides that the city shall be liable only for gross negligence and shall not be liable for damages caused by plaintiff's contributory negligence. Even if the evidence shows any negligence of the city, it does not show gross negligence and the evidence indicates that the plaintiff did not exercise due care, therefore, under the law liability of the city is not shown.

Rehearing denied.

WHITFIELD, BUFORD AND TERRELL, J. J., AND LONG, Circuit Judge, concur.

ELLIS, C. J., AND BROWN, J., dissent.

STRUM, J., not participating.