J. E. PRICE, individually, and as owner of the Okeechobee Construction Company, v. GEORGE G. PARKS.

173 So. 903.
Division B.
Opinion Filed April 21, 1937.

*W. Curry Harris, William V. Albury* and *Waller & Meginniss,* for Plaintiff in Error;

*Arthur Gomez, Aquilino Lopez, Jr.,* and *Thomas S. Caro,* for Defendant in Error.

PER CURIAM.—This was an action brought in the Circuit Court of Monroe County by George G. Parks whereby plaintiff sought to recover from J. E. Price, individually, and as owner of the Okeechobee Construction Company, for certain injuries and damages alleged to have been sustained by the said Parks as the result of an automobile accident on a detour bridge extending between Stock Island and the Island of Key West, in Monroe County, as a result, so it was alleged in the declaration, of the negligence of the defendants, who were using said detour bridge in connection with their work for the State Road Department, in allowing certain slippery material and substances being hauled by them over said detour bridge, to so accumulate thereon as to make said bridge dangerous to persons whom the defendants knew, or ought to have known, were likely to be injured by said dangerous condition. The declaration was

upheld as against demurrer and upon trial a recovery for $2000.00 damages and costs, was sustained by the trial judge whose judgment to that effect comes here on writ of error.

A person causing a defect or obstruction in a traveled public way, including a detour bridge kept open for public use, is liable in damages to an injured automobilist for injuries caused by such defects or obstruction, where the defect or obstruction was occasioned by the affirmative act or positive neglect of the defendant, and plaintiff has not lost his right to recover because of his own fault in the premises, even though no *general* duty of maintenance has been assumed by defendant, or exists on his part.

If harm is caused by the dangerous condition of a highway or public bridge held open for public travel, the right of action of the person harmed may be enforced against a contractor shown to have occasioned a dangerous condition of said highway or bridge by allowing materials from his vehicles to fall and negligently to accumulate on same, even though such contractor has assumed no duty to maintain or keeep the highway or bridge in repair.

An application of the foregoing rule of law to the pleadings and evidence requires an affirmance of the judgment and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.