The plaintiff brought this suit to recover the sum of $452.37 on account of damage to his automobile, loss of its use, and personal injuries sustained in an accident which occurred on June 14, 1946, about 10.00 o'clock, P.M. in the City of Baton Rouge. He alleges in his petition that he was driving south on South 13th Street on his way home when the front part of his car ran into a large hole in the street, which hole was not lighted nor any warnings placed thereat. His claim is based on the alleged negligence of the City in permitting this unlighted and unmarked hole to exist in the street. He charges the City with the actual or constructive knowledge of the existence of this hole in the street.
The City denied any negligence on its part, and denied any knowledge, actual or constructive, of any defect in the street. In the alternative, the City pleaded contributory negligence on the part of plaintiff in that he failed to keep a proper lookout and that he was driving in a careless and negligent manner.
After a trial, the court below rendered a judgment in favor of plaintiff in the sum of $242.34. The City has appealed.
The testimony clearly indicates that there was a hole slightly to the west of the center of South 13th Street. This hole, according to the preponderance of the evidence, was about two feet wide across the street, six to eight feet long lengthwise the street, and some 3 feet deep.
The plaintiff testified that he was driving south on this street around 10:00 o'clock on the night of the accident traveling from twelve to fifteen miles per hour, and that when he was about fifty feet from the hole in the street he saw what appeared to be a black spot in the street. He made no effort to slow down or to stop his car. He says: "I didn't see it until I got right on it, and I was going too fast to stop, and I put on my brakes and I was right in the hole."
Plaintiff further testified that this hole was about four feet wide cross-wise the street and about two and one half feet long, and about three feet deep. He says there was a log or stump in this hole about two and one half feet in diameter, and sticking up about one and one half feet above the street.
There is some discrepancy in the first part of plaintiff's testimony regarding the position of the hole in the street. He first attempted to make it appear that the hole was longest across the street, but he later changed his testimony and admitted that the hole was longest up and down the street. Practically all the other evidence shows that this hole was about the size indicated above and ran up and down the street. Most of the evidence shows that. there was a log or stump in the hole sticking *Page 471 
up about one and one half feet above the surface of the street.
[1] The evidence is not clear as to how long this hole had been in the street. Two or three colored men who lived in the neighborhood testified that this hole had been in the street for about two weeks, one of them stating that he could hear the cars bumping over the depression in the street. The Superintendent of Streets for the City testified that he went over all the streets of the City at least once a week; that he passed over South 13th street about three o'clock in the afternoon of the day on which the accident occurred at ten o'clock that night, and at that time he saw no hole in the street at the point of the accident. Taking all the evidence into consideration, it is our opinion that this hole had existed in the street for several days. It might not have been as large and as deep at the time the Superintendent passed over this Street as it was when the accident occurred that night. In view of the fact that several other holes had developed in this street during a period of a few months previously, it is reasonable to conclude that the City employees had either actual or constructive notice of the defect in the street.
[2] While the defendant contends that plaintiff has failed to prove that his car fell into a hole in the street and that his car was damaged and he received a shock by reason of the accident, yet, in our opinion, the preponderance of the evidence shows to a reasonable certainty that plaintiff did drive his car into a hole in the street, and that his car was damaged and he received a severe shock in the accident.
[3] A City is bound to keep its streets in a reasonably safe condition for pedestrian and vehicular traffic, and is liable for defects in a street sufficiently dangerous to cause an accident and an injury to a person using the street in a reasonably prudent manner, if the municipality has actual or constructive notice of the defect. 5 Blashfield, Cyclopedia of Automobile Law and Practice, § 3208.
[4,5] While there was a defect in the street, and the evidence shows that the City had either actual or constructive knowledge of the defect, yet the plaintiff by his own testimony is shown to have been guilty of such contributory negligence as to bar his recovery. There was a street light forty-five feet from this hole, and the street at that point could not have been very dark. This was a rather long and wide hole, and besides there was a stump in it and sticking up about a foot and half from the top of the street. Plaintiff admits that he saw this hole when he was fifty feet from it, and we fail to understand why he could not see the stump above the surface of the street. While a motorist has a right to assume that a street is in a safe condition for travel, yet he can not close his eyes and fail to observe dangers in front of him. Plaintiff says he was going only twelve to fifteen miles per hour and he should have been able to stop his car within a very few feet.
In the case of Arceneaux v. Louisiana Highway Commission, La. App., 15 So.2d 638, the court held a plaintiff guilty of contributory negligence who failed to see a hole in the road eighteen inches wide and fourteen inches deep, while driving thirty five miles per hour.
In the present case, there might have been some reason for the failure of plaintiff to stop his car before driving into the hole had there not been a stump sticking up above the surface in the street. It can be readily understood why a motorist could not see a hole in the street which is level with the surface, but where an object stands up as much as one and one half feet above the surface of the street and this object is two feet in diameter, there would seem to be no excuse for a person not to see it and stop while driving at a low rate of speed.
We are not unmindful of the holding of the Supreme Court in the case of Kirk v. United Gas Public Service Company,185 La. 580, 170 So. 1, where it was held that the driver of a car on a paved highway at night was not guilty of contributory negligence in failing to see a dead yearling on the road. We think the facts in this case are different from the facts in that case. Here the accident occurred on a city street only a short distance from a street *Page 472 
light. Plaintiff admits that he saw something in the street when he was about fifty feet from it, yet he made no effort to slow down or stop, although he was going only 12 to 15 miles per hour and could have stopped within a few feet. His lights and brakes were in good order.
While plaintiff says that a taxicab was coming from the opposite direction, he does not claim that its lights blinded him except at the very moment the cab passed him. On being asked if the taxicab had passed him when he got to the hole, he replied:
"No, sir. I imagine his car lights were out of my face when it hit the hole. By his lights being so bright, that is what made me see it so quick. That helped me to see it before I did drop in it, but I was right on it and I couldn't stop."
Our conclusion is that plaintiff was guilty of such contributory negligence as to bar his recovery.
For the reasons assigned, the judgment appealed from is hereby reversed and set aside, and the suit of plaintiff is dismissed at his costs in both courts.