PER CURIAM.
. Herman Cohn sued Smith Engineering and Construction Company, hereinafter called the Company, the complaint alleging, among other things, that defendant negligently failed to maintain Highway No. 20 and negligently permitted said highway to become and remain in a dangerous and hazardous condition, causing injury to the plaintiff. The Company answered proffering numerous defenses and a motion to dismiss. The fourth, fifth, sixth, seventh and eighth defenses were stricken on motion of the plaintiff. The case went to trial on plea of the general issue, denial that the Company permitted the highway to become and remain in a dangerous or hazardous condition and denial that the condition of the highway caused the plaintiff’s accident. Motion for verdict in favor of defendant was made and denied at the conclusion of plaintiff’s case and at the conclusion of the trial. The trial resulted in a verdict of $4,620 in favor of the plaintiff. Motion for new trial was denied and final judgment entered on the verdict from which this appeal was prosecuted.
The essential facts in the case revealed that plaintiff was using a tractor-trailer which was said to have weighed 28,000 pounds. It was loaded with pears and grapes from California of equal weight [28,000 pounds]. The plaintiff left Panama City after dark traveling on State Road 77, also known as U. S. Highway 231. A short distance north of Panama City, the driver observed the following legend: “Highway 20 under construction, detour to Blountstown via Highway 389 and Wewa-hitchka.” The driver was familiar with the route and proceeded north on Highway 77 to its junction with- Highway 20 on *828 ■which he turned east. He observed a sign which read, “Road under construction.” He proceeded about one mile and observed a break in the pavement. He brought the truck to a stop and studied the road and while it was unpaved for about twelve feet, it appeared safe. He turned to the center of the road and proceeded over the unpaved area. The patrolman who investigated the accident testified that the truck proceeded to the right or south side of the road at the break in the pavement. The tractor crossed the bréale without difficulty but the trailer turned over on its side and carried the tractor over on the road. The accident did not block traffic.
The Company was a road contractor and at the time of the accident was under contract with the State Road Department, to repair this particular sector of Highway 20. The contract required that the Company keep the road open for traffic while the work was being done. It appears that the break in the pavement was caused by the installation of temporary culverts to divert water from the permanent culvert which was being extended. The pavement and roadbed had been removed for this purpose but the roadbed was replaced at the time and the road surfaced and packed with tractors and clay placed on the surface. A heavy rain had recently fallen but the driver of the truck testified that the roadbed appeared in good condition so he proceeded across.
It is first contended that appellant should not be held liable because its contract was with a public entity which would immunize it from liability to a third party for personal injuries arising from the performance of the contract, there being no showing that appellant was negligent.
The complaint was grounded on negligence of appellant, the jury found it negligent which was not controverted, its contract with the State Road Department required it to keep the road in such condition while being repaired as traffic could pass over it. The following cases conclude the point against the contention of appellant: Price v. Parks, 127 Fla. 744, 173 So. 903; Briscoe v. Worley, Okl., 253 P.2d 145; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Holmes v. T. M. Strider & Co., 186 Miss. 38, 189 So. 518, 123 A.L.R. 1190.
The sixth question is predicated on a charge to the jury as follows: “If you find from the evidence and the instructions of the court, that the plaintiff is entitled to recover, then on that phase of the damages I instruct you to find for him in the sum of $3,695.08.” The evidence shows that this charge had to do with a single phase of the case, repair bills for the amount named in the charge. They were introduced in evidence as per stipulation of counsel and without objection. The amount named was to be allowed on condition that the jury found for the plaintiff.. Negligence was proven and appellant was. the sole defendant. The total verdict was for $4,620, it was supported by a preponderance of the evidence and reversible error is not shown.
Other questions were argued but all turn on whether or not there was sufficiency of knowledge of defect in the road, charges to the jury relating to the defense of “an act of God,” whether or not the plaintiff exercised due care, the risk assumed, contributory negligence and other defenses that turn on the sufficiency and probity of the evidence.
There was material substantial evidence on all these points and the charges of the court were ample. Some of the evidence was in the way of admissions. It all shows conclusively that appellant was under contract to construct the road and keep it open for traffic, that it had cut the pavement to place temporary culverts to lead the water from where the permanent culverts were to be placed, that in changing the water course the road was maintained over the culvert in such manner that plaintiff’s equipment was damaged. All these *829 matters were peculiarly for the jury and we fail to find error.
The judgment appealed from is therefore affirmed.
Affirmed.
TERRELL, C. J., and HOBSON, DREW and THORNAL, JJ., concur.