CARROLL, CHAS., Chief Judge.
Appellant sued North Bay Village and the contractor and subcontractor engaged in resurfacing its streets, asking damages for personal injuries and property damage which resulted when he drove his automobile onto an obstruction in a street under repair. His complaint was dismissed, on the granting of defendants’ motions for summary judgment, and this appeal followed.
The motions for summary judgment were heard on the pleadings on interrogatories addressed to the parties and the answers thereto, and on a discovery deposition of plaintiff. From these the following facts were revealed. A number of streets, including South Treasure Drive where this accident occurred, were and for a considerable time had been torn up for repairs and resurfacing. Certain of those streets, including South Treasure Drive, were open for traffic, notwithstanding their condition of being under repair. Appellant was familiar with the status of the streets, and had driven upon the street in question while in its condition of disrepair. On the evening of the accident, at 11:30 o’clock P.M., after letting out a friend on a nearby street, appellant again traversed South Treasure Drive in his automobile. He observed, when 25 feet from it, and proceeding at a speed of 12 to 15 miles per hour, a covered manhole extending above the street by a height which appeared to him to be five or six inches. He did not turn aside to avoid this elevated manhole, but on the contrary, believing that he could safely negotiate it, attempted to drive over it. It developed that there was a depression in the roadway just before the manhole and unseen by the appellant, which resulted in a failure of the front axle to clear the obstruction, with consequent damage to the automobile and injuries to his person.
The determinative question is whether the trial court was in error in holding that the appellant driver was guilty of contributory negligence as a matter of law. We conclude that the trial court was not in error in so holding, and that the judgment should be affirmed.
In contending that the question of his negligence presented a triable issue, the appellant cited and relied on the case of Long v. City of Winter Park, Fla.1954, 70 So.2d 576, where a passenger in an automobile sued following an accident in which the automobile struck a raised covered manhole located near the center of a street. In that case the Supreme Court held, on the facts presented, that there was a jury question as to whether the elevated manhole was visible, and was seen or should have been *207 seen by the driver and was such as to convey an awareness of the danger it repre-. sented.
Each such case must rest on its own facts. Our decision in this case is not controlled by or in conflict with the decision in the Long case, because of material differences in the facts. The Long case involved a street open for regular public use, and not under repair. In fact, the manhole may not have been clearly visible, and may not have been seen, or its danger apparent. In the instant case the condition of the street under repair was known to the appellant driver, who admitted having seen the obstruction in question while twenty-five feet away. The confidence which a driver could have in the safety of the street in the Long case was denied to the appellant driver in this case when traversing a street undergoing major repairs. Another factual difference is that in the Long case the plaintiff was not the driver in control of the automobile, but was a passenger therein; while in this case the plaintiff seeking recovery was the driver.
The obligation of the municipality to exercise control over its streets and maintain them, when open, in a condition reasonably safe for passage of traffic was not dispensed with by entering into a contract with another party to repair the streets. City of Jacksonville v. Drew, 19 Fla. 106. A similar obligation and duty may be imposed on the contractors conducting the street repairs when their contract requires them to keep the streets open and maintain them for traffic. Smith Engineering and Construction Co. v. Cohn, Fla.1957, 94 So.2d 826. The record here does not show the terms of the contract for the street repairs.
In these days when persons and commerce are clearly dependent on use of public streets for vehicular traffic, it is often impracticable to close for extended periods streets which are under repair, and it is not unreasonable for a city to permit vehicles to pass over streets while they are undergoing repairs such as resurfacing or when torn up for the laying of utility mains. These instances are of such common occurrence that motorists should expect them to be encountered frequently. Common prudence requires drivers of motor vehicles, in traversing such streets under repair, to be vigilant in their observances and avoid-ances of defects and obstructions likely to be so encountered. See Atlanta Gas Light Co. v. Brown, 94 Ga.App. 351, 94 S.E.2d 612. Cf. Waldmann v. Skrainka Const. Co., 289 Mo. 622, 233 S.W. 242.
Where a city has made provision for alerting drivers to the condition of the street as being under repair, such as by partial barricades or signs at the termini, it is not required that the city should give warning of the individual imperfections and obstructions which motorists may encounter and may need to avoid in their passage along such streets. 25 Am.Jur., Highways, § 413. Here the appellant knew the street was under repair. He saw the obstruction in question in time to avoid it, but he elected to risk driving over it, with the result that his car was wrecked and he was injured.
 The facts which were before the trial court, including appellant’s own testimony given on his deposition, when viewed in the light most favorable to him, forced the conclusion that the appellant, by failing to observe, respect and avoid the obstruction in the street under repair, was guilty of negligence proximately causing or at the least contributing in substantial degree to his loss and injury; and the material facts prompting and supporting the conclusion that the appellant driver was contributorily negligent as a matter of law were not in issue or dispute. See City of Jacksonville v. Bell, 93 Fla. 936, 112 So. 885, 53 A.L.R. 163; Marshall v. City of Baton Rouge, La. App.1947, 32 So.2d 469; Price v. City of Monroe, 234 N.C. 666, 68 S.E.2d 283 ; 5A Blashfield, Cyclopedia of Automobile Law & Practice, Perm.Ed., §§ 3321 and 3330.
*208 For the reasons stated herein, the judgment is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.