161 So.2d 844 (1964)
Opal TIMS, Appellant,
v.
ORANGE STATE OIL COMPANY, a Florida corporation, Appellee.
No. 3620.
District Court of Appeal of Florida, Second District.
March 18, 1964.
*845 Dominick J. Salfi and J. Russell Hornsby, of the Law Offices of J. Russell Hornsby, Orlando, for appellant.
Raymer F. Maguire, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee.
KANNER, Judge (Ret.).
Opal Tims, appellant, plaintiff below, sought damages from Orange State Oil Company, defendant-appellee, for injuries allegedly resulting from a collision of her automobile with a grease rack. The trial court, expressing the opinion that the allegations of the second amended complaint were insufficient to constitute a cause of action, granted the motion of defendant-appellee to dismiss it. From the ensuing judgment, the plaintiff-appellant has appealed.
The complaint, in two counts, asserts alternative claims for relief. Count I alleges that appellee occupies, is in possession and control of, and operates a gasoline station which faces U.S. Highway 27 and borders on old U.S. Highway 50, extending for approximately one city block, with two state-owned drive-in entrances on U.S. Highway 27 and one state-owned entrance on U.S. Highway 50. Negligence of appellee is next averred in the following language:
"4. That on the day aforesaid, the defendant, ORANGE STATE OIL COMPANY, its agents, servants or employees, carelessly and negligently placed, permitted and allowed to be placed a large iron `grease rack' weighing many pounds in, across, and upon a public right-of-way at the place aforesaid.
"5. That on the night of March 2, 1959, at or about 7:30 P.M., plaintiff, *846 OPAL TIMS, was operating her automobile in an approximate westerly direction and that plaintiff, OPAL TIMS, while traveling in said direction, did then and there approach the place on the public right-of-way where said `grease rack' was negligently and carelessly left; and that by reason of the wrongful, negligent act of the defendant in failing to place warning lights, signs, flares and/or barricades or other warning devices, and having left said `grease rack' weighing many pounds on the public right-of-way, and by reason of leaving the same in a dangerous condition, plaintiff, OPAL TIMS, did then and there drive into and strike said `grease rack' and by reason of said act said plaintiff was seriously, painfully, and permanently injured as more fully hereinafter set out.
"6. That the aforesaid act of negligence was the direct proximate cause of the plaintiff's injuries and the consequent damages thereto, in that the public right-of-way in which said `grease rack' had been placed by the defendant, was openly and notoriously dangerous and also that defendant had actual notice of its dangerous condition, or by the exercise of reasonable care defendant could have ascertained the dangerous condition of placing said `grease rack' upon the public right-of-way and highway, but wrongfully neglected the same and allowed it to remain unguarded and with no warning device whatsoever."
Basically, the second count is the same as the first, except that it alleges that the grease rack struck by appellant's automobile had been placed upon a "way" located on a corner of the property occupied by appellee, such way having been established by the public which had passed and repassed over it for a long period of time.
We are of the persuasion that each count of the complaint is sufficient to have resisted successfully appellee's motion to dismiss; we are therefore constrained to reverse the action of the trial court. Our decision to do so comports with the test of adequacy required of a complaint as set out in Rule 1.8(b), Florida Rules of Civil Procedure, 30 F.S.A., "It shall set forth a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient." Our view is consonant also with the general rule requiring that a plaintiff, in order to state a cause of actionable negligence, must allege ultimate facts showing the relationship out of which a duty is implied by law and sufficient acts or omissions causing the injury, coupled with the averment that they were negligently done or omitted. See Raphael v. Koretzky, Fla. App. 1958, 102 So.2d 746; Rudisill v. Taxicabs of Tampa, Inc., Fla.App. 1962, 147 So.2d 180; 23 Fla.Jur., Negligence, sections 101 through 105, pages 335-339.
Appellee, attacking Count I of the second amended complaint, refers specifically to paragraph 6 as being contradictory and confusing and insists that its allegations are lacking in distinctness, definiteness, and clarity. Demonstrating, appellee describes paragraph 6 as the proximate cause allegation and classifies it as the critical part of Count I, quoting from it the language, "* * * that the public right-of-way * * * was openly and notoriously dangerous." Appellee states that this averment appears to say that the public right-of-way itself was openly dangerous and indicates that the allegation obviously was not intended to convey this. It is urged that, because of this lack of clarity, there could result inconsistencies of interpretation and that, should it be determined the allegation means the grease rack was openly and notoriously dangerous, this would set up facts on the face of the complaint that the appellant was guilty of contributory negligence as a matter of law or assumption of risk.
By a perusal of the whole of paragraph 6, it is apparent that the public right-of-way with the grease rack in it is characterized *847 as openly and notoriously dangerous. This paragraph, moreover, in its beginning statement adverts to the act of negligence as previously described, "* * * the aforesaid act of negligence was the direct proximate cause * * *." Paragraphs 4 and 5, immediately preceding this allegation, particularize as careless and negligent appellee's leaving of the grease rack upon the public right-of-way and charge as causal of the appellant's injuries the leaving of it and the failure of the defendant to place warning or barricade devices.
Where a person, by affirmative act or positive neglect, causes a defect or obstruction in a traveled public way, he may be liable in damages to an automobile driver who sustains injuries occasioned by such defect or obstruction. See Price v. Parks, 1937, 127 Fla. 744, 173 So. 903; 16 Fla.Jur., Highways, Streets, and Bridges, section 119, page 141. Count I sets out, essentially, appellee's occupancy, possession, or control of the premises at which the accident occurred, its negligence in placing the grease rack in the public right-of-way without warning or barricade device, the collision of appellant's automobile with this obstacle as she proceeded at night across the public right-of-way, and appellant's resultant injuries.
In summarizing our observations with respect to this count, we comment that, even though the allegations might have been more adeptly or expertly phrased, the total contextual import is clear and understandable enough to inform the defendant of the nature of the cause against it and so to state a cause of actionable negligence.
In Count II, appellant utilizes the alternative approach of asserting that the place where the accident occurred was upon a "way" located on appellee's property "established by the public which had passed and repassed over said property for a long period of time." Appellee, in its assault upon this count, urges insufficiency of it for two reasons. The first is that appellant was a licensee. The second is that the allegations are insufficient to establish a public right in the private property of appellee; in this connection, appellee states that the allegation, "said `way' being established by the public which had passed and repassed over said property for a long period of time", is but a conclusion of the pleader.
Considering these reasons, we are in accord, as contended by appellee, that a person who enters upon the premises of another for his own convenience, benefit, or pleasure and not for the purpose of transacting business with the owner or operator is only a licensee. Where one is a licensee, the duty owed him is to refrain from wanton negligence or wilful misconduct that would injure him, or to refrain from intentionally exposing him to danger. Stewart v. Texas Co., Fla. 1953, 67 So.2d 653; 23 Fla.Jur., Negligence, section 52, Duties and Liabilities to Licensees, page 295. However, Count II distinguishes the legal status of appellant, through its allegations placing her, at the time of the accident, upon a "way", allegedly established by the public which had passed and repassed over it for a long period of time. Rather than being merely conclusory, as asserted by appellee, the averment above referred to is the pleading of an ultimate fact. We are not here concerned with the problem of evidentiary proof.
The general rule is expressed in an annotation in 20 A.L.R. at page 202, entitled "Duty of owner to licensee as to changing condition of premises":
"The general rule is that where the owner or occupant of premises, with knowledge, and for a long period of time, permits the public to use the premises without objection, for the purpose of traveling across the same on a well-established and safe path or highway, he cannot, without giving notice, render the premises unsafe to the injury of those who have used such highway, and have no notice of the changed condition, without being responsible for the resulting injury."
*848 See also 15 Fla.Jur., Garages, Etc., section 15, Public Entry and Passage, pages 167-168.
In National Casualty Co. v. Zmijewski, 1940, 143 Fla. 285, 196 So. 587, the action was upon an accident policy insuring the decedent against death through external, violent, and accidental means by a moving vehicle propelled by gasoline while walking or standing on a public highway. The reason given by the insurance company for nonpayment of the policy was that the injuries of the insured were sustained when he was standing on private property abutting a highway and used at the time as a filling station rather than while standing or walking upon a public highway.
The supreme court framed the problem with which it was confronted in the following language:
"The accident policy sued upon indemnified the insured against injuries sustained in a sum not exceeding $1,000.00 when walking or standing on a public highway by a moving vehicle. The record here shows the insured received injuries, causing his death, from a moving vehicle when he was standing on or near the dividing line of the public highway and at a place not exceeding two feet therefrom over on private property which had been used by motorists and the general public for more than ten years as a filling station. Did the injuries of the insured occur on a public highway within the meaning of the policy?"
The court answered the above query in the affirmative, stating:
"The right of the public to pass and repass at the point where the deceased was standing when injured had been fully established for some ten or fifteen years. It is quite true that the property was privately owned but the right of the general public to use the same as part of the highway where the injury occurred is not controverted or disputed and this right for use without restriction had been enjoyed by the general public for years."
From what we have said, it follows that the trial court should have denied the motion of the appellee oil company to dismiss the complaint of appellant. The judgment entered pursuant to its granting of that motion is reversed.
Reversed.
SMITH, C.J., and ALLEN, J., concur.