CARROLL, Judge.
This appeal is by the plaintiff below from two judgments entered for defendants in a negligence action brought by him against the City of Homestead and a contractor. At the close of the presentation of evidence in a jury trial, the court directed verdicts in favor of the two defendants.
Plaintiff was injured when he fell while crossing an open ditch in a street under repair in the defendant City of Homestead. The defendant Naranja Rock Company was the contractor engaged by the city to perform the street repairs. Compare Finkelstein v. Brooks Paving Company, Fla.App. 1958, 107 So.2d 205.
The accident occurred at night when no work was in progress. In the course of making the repairs a ditch had been dug and left open. It was approximately two and a half feet wide and five feet deep, and ran along one side of the street having the effect of blocking off the post office from the street. Opposite the post office a plywood board had been placed across the ditch. It was testified that the board which lay across the ditch was about one inch thick and three feet wide; that plaintiff drove up, parked on the other side of the street and walked across the street intending to mail some letters; that when he stepped on the board to cross the open ditch it tilted and he fell into the ditch. Plaintiff produced a builder who testified the crossing was inadequate in his opinion, and who recommended a reinforced board and railing. The defendant presented only the testimony of a police officer who inspected the scene after the accident was reported to him. He said he found the board to be secure when he tested it.
 The plaintiff made a prima facie case. On the facts presented in evidence a jury reasonably could have inferred the board crossing over the ditch was provided by the contractor for public access to the post office, and could have found that it was inadequate and did not meet the standard of due care under the conditions and circumstances prevailing. We hold, therefore, the trial judge was in error in directing a verdict in favor of the contractor. But the trial judge was eminently correct in directing a verdict in favor of the defendant City of Homestead. The plaintiff alleged the giving of timely notice to the city as provided for in the charter. The allegation was denied by the city, and on the issue thus presented the plaintiff produced no proof.
The judgment in favor of the defendant City of Homestead is affirmed. The judgment for the defendant contractor Naranja Rock Company is reversed and the cause is remanded for a new trial as to that defendant.
Affirmed in part and reversed in part and remanded.