WALDEN, Chief Judge.
ON PETITION FOR REHEARING
We granted the petition for rehearing presented by appellant, City of Orjando. Upon reconsideration we are persuaded that our initial opinion, filed on September 8, 1966, was erroneous. The new conviction herein expressed is that the judgment appealed must be reversed.
This was a negligence suit with the gravamen of plaintiff’s complaint being that the city “did so negligently and carelessly maintain and control its streets as to cause, permit and allow two depressions in the pavement * * * at a depth and width dangerous and unsafe for vehicular traffic to cross at normal speeds permitted by law •without any signs erected to warn or indi-ca-te to persons traveling in motor vehicles * * * of the dangerous condition * * (Emphasis added.)
The undisputed proofs with reference to the material elements reveal that the city did construct two depressions or dips in the pavement for valid drainage purposes. The plaintiff wife traversed the street as a passenger in a motor vehicle. It struck the dip resulting in personal injuries to her.
At the time of the accident there were no warning signs in place to warn motorists of the condition.
It is further undisputed that the city had erected warning signs as concerns the dips about 15 months prior to the accident.
There was a total lack of testimony, direct or indirect, to show that the city possessed actual or constructive knowledge that the signs were missing at or before the time of the accident.
Despite a request on the part of the city, the trial court failed to charge the jury concerning the city’s erection of warning signs and the necessity for the plaintiff to prove notice on the part of the city that such signs had been removed. In so doing the court ignored a principle of law appli: cable under the circumstances, and this act constituted reversible error. This rule is stated in 63 C.J.S. Municipal Corporation § 838c:
“If proper guards are erected, or lights or signals are established, in order to prevent accidents, the municipality will not' *140 as a rule be subject to liability merely because such barriers, lights, or signals are removed or rendered ineffective without fault on its part and without notice to it, as by the unauthorized act of third persons or by accident of which the municipality has no notice. Ordinary care, however, must be exercised, and, if it fails to act accordingly, a right of action arises against a municipality which has notice of such removal in due season to replace the barrier or light or has grounds for anticipating its destruction or removal. What constitutes a reasonable time within which the city must replace such guards and signals depends on the particular circumstances. * * * ”
See also 25 Am.Jur., Highways § 438; City of Jacksonville v. Bell, 1927, 93 Fla. 936, 112 So. 885, 53 A.L.R. 163; Primus v. City of Hot Springs, 1953, 57 N.M. 190, 256 P.2d 1065; Braden v. City of Pittsburgh, 1941, 143 Pa.Super. 427, 18 A.2d 99; Rathbone v. Fort Pitt Bridge Works, 1937, 118 W.Va. 479, 191 S.E. 578; MacGowan v. State, 1955, 286 App.Div. 928, 142 N.Y.S.2d 651; City of Rome v. Alexander, 1940, 63 Ga.App. 301, 11 S.E.2d 52 and the annotation at 62 A.L.R. 500.
It is our judgment that there has been a departure from the essential requirements of law which can only be remedied by a new trial. The final judgment is reversed.
Reversed.
CROSS, J., concurs.
ANDREWS, J., dissents with opinion.