WIGGINTON, Judge.
The Orrs appeal the dismissal with prejudice of two negligence counts in their Second Amended Complaint against D’Andrea and Met Builders. Although the trial judge’s order does not inform us of the grounds upon which he dismissed the counts, the parties have argued below and in this appeal whether the complaint suffi *934 ciently alleged the existence of a legal duty, and whether the Orrs had “superior knowledge” of the allegedly hazardous condition created by the defendants so as to preclude a finding of liability. Because the order of dismissal cannot be sustained on either ground, we must reverse.
Count IV, directed against Met Builders, alleged the following facts: After the Orrs had contracted with D’Andrea to install a néw roof on their home, D’Andrea subcontracted with Met Builders. During the course of the work, the roofers littered the premises with discarded nails and “debris,” despite the Orrs’ repeated requests for them to pick up after themselves, and “even though in the exercise of reasonable diligence [Met Builders] knew or should have known that the presence of the nails and debris was a danger to [the Orrs].” When the work was complete and the roofers gone, Lucy Orr attempted the cleanup herself and was injured when a nail punctured her foot, causing hospitalization expenses and other damages “as a direct and proximate result of [Met Builders’] negligence in leaving the debris and nails in a place where [the Orrs] could be expected to come and go.”
Count V, with Curtis Orr as plaintiff, realleged these facts and additionally named D’Andrea as a defendant in his capacity as contractor and supervisor of the work. The count alleged that Curtis Orr had incurred certain damages as a result of his wife’s injury.
Met Builders, citing Slavin v. Kay, 108 So.2d 462 (Fla.1959), argues there can be no recovery because the injury occurred after the work had been completed, and any dangerous condition in the Orrs’ yard was obvious. The so-called “Slavin rule” established that a contractor is not liable for injuries to third parties after the owner has accepted the work, unless the defect at issue was latent and could not have been discovered by the owner, or unless the contractor was dealing with inherently dangerous elements.[1]
Because no third party is involved in this case, the inapplicability of the Slavin rule is easily discernible. Even if Slavin were applicable, a contractor’s duty of care is discharged upon acceptance, not mere completion, of the work, so these defendants would not qualify for protection under the rule.
As Met Builders points out, Slavin requires that a property owner make the premises safe for third parties when he discovers, after accepting a contractor’s work, a dangerous defect. Here, Lucy Orr was attending to that duty when she was injured. Other jurisdictions have held that a contractor is charged with a duty to leave the premises free from any hazards to safety which he may have created. E.g., Smith v. Fitton and Pittman, 264 S.C. 129, 212 S.E.2d 925 (1975); Cox v. Ray M. Lee Company, 100 Ga.App. 333, 111 S.E.2d 246 (1959).
While the Orrs’ complaint is not a model of clarity, it is not legally deficient in its attempt to allege a duty and breach by Met Builders. In Florida, a party pleading negligence is required to “allege ultimate facts showing a relationship out of which a duty is implied by law and sufficient acts or omissions causing the injury, coupled with the averment that they were negligently done or omitted.” Tims v. Orange State Oil Company, 161 So.2d 844 (Fla. 2d DCA 1964). Because the Orrs’ Second Amended Complaint contained these elements, it was error to dismiss the negligence counts for failure to allege a duty or a breach.
The appellees also argue that the Orrs had “superior knowledge” of the dangerous condition in the yard, so the builders cannot be held responsible for the injury. However, we believe that the extent of Lucy Orr’s knowledge of the danger on her property, compared to the builders’ negligence in creating the hazard, is a question properly within the province of the trier of fact.
*935 Our opinion today is necessarily limited to Counts IV and V of the Second Amended Complaint. We decide only that those counts sufficiently allege a cause of action, and this opinion should not be construed as approving those counts, or the Second Amended Complaint, in any other respect.
Accordingly, the order of the trial court is vacated and the cause remanded for further proceedings.
JOANOS and THOMPSON, JJ., concur.

. We note that since issuing its Slavin opinion, the Florida Supreme Court decided Hoffman v. Jones, 280 So.2d 431 (Fla.1973). However, we are not asked to decide how the “Slavin rule” may be affected by the doctrine of comparative negligence.