979 So.2d 1103 (2008)
MIAMI-DADE COUNTY, Appellant,
v.
DEERWOOD HOMEOWNERS' ASS'N, etc., et al., Appellees.
No. 3D07-946.
District Court of Appeal of Florida, Third District.
April 9, 2008.
R.A. Cuevas, Jr., Miami-Dade County Attorney, and Monica Rizo and Craig E. Leen, Assistant County Attorneys., for appellant.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren B. Kwavnick and John H. Richards, Ft. Lauderdale; Josephs Jack and Susan S. Lerner, Miami, for appellees.
Before SUAREZ, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Miami-Dade County appeals a final circuit court order dismissing with prejudice the County's second amended cross-claim against Deerwood Homeowners' Association ("Deerwood") and Techlawn, Inc. ("Techlawn"). The issue presented is whether a landowner, Deerwood, and its maintenance company, Techlawn, may be liable to the County for injuries allegedly caused by tree roots growing under the surface of a County sidewalk. Finding no legally sufficient basis for such a claim in the pleadings, we affirm.
*1104 The trial court was required to assume that all of the allegations in the second amended cross-claim were true and to allow all reasonable inferences from those facts in favor of the County. Fla. Bar v. Greene, 926 So.2d 1195, 1199 (Fla.2006). We review that assessment de novo.
Pertinent Facts
Juan and Patricia Perdomo, husband and wife, filed claims against the County, Deerwood, and Techlawn after Mrs. Perdomo tripped and fell on a County sidewalk. The Perdomos alleged that roots from a tree near the sidewalk in the Deerwood subdivision created a vertical separation in the concrete that caused Mrs. Perdomo's fall.
The Perdomos alleged: (1) the County controlled the sidewalk and failed to maintain it; (2) Deerwood planted the tree and failed to maintain the tree's root system; and (3) Techlawn, as Deerwood's lawn maintenance company, also failed to maintain the tree's roots.
After various pretrial motions and amendments to the pleadings, the trial court found that the County's allegations failed to state a cause of action (and, as such, that Deerwood and Techlawn did not owe a legal duty to the County) and entered a final order of dismissal with prejudice in their favor. The County appealed.
Duty
The County argues that Deerwood and Techlawn undertook maintenance of the tree, and that both the Perdomos and the County relied on this maintenance. Once such an obligation is voluntarily undertaken, the County argues, it must be performed with reasonable care. The County cites this "voluntary undertaking" doctrine as an exception to the Florida Supreme Court's holding in Sullivan v. Silver Palm Properties, Inc., 558 So.2d 409 (Fla.1990), which held that private landowners are not liable for injuries caused by subterranean roots growing under public rights-of-way.
Despite two amendments, however, the County was unable to plead operative facts regarding the alleged undertaking. "Gratuitously" planting a tree next to a sidewalk and "maintaining the tree for nine years" does not take Deerwood's or Techlawn's conduct out of the simple, clear rule elaborated in Sullivan. Legal conclusions unsupported by ultimate facts are not enough to state a cause of action. See Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985). Since there were no specific facts pled to show that Deerwood or Techlawn undertook to maintain the tree's roots or to repair the public sidewalk, the "voluntary undertaking" argument fails.
The County also alleged that it gives private owners, developers, and homeowners' associations an information packet on their obligations when they obtain a permit to plant a tree. The second amended complaint states that "Deerwood would have received this packet if it properly sought a permit to plant a tree." For reasons it has not explained, however, the County concedes that it has no records that Deerwood or Techlawn obtained any permit for the tree in question or thereby consented to maintain the roots or repair the sidewalk near the tree. As a result, the County was unable to plead such facts.
Similarly, no relevant duty is invoked by the County's allegation that Deerwood is responsible under Chapter 19 of the Miami-Dade County Code for maintaining the tree and the area in which it is planted. That ordinance does not impose upon Deerwood or Techlawn the obligation to trim the tree roots below the County sidewalk or to repair the sidewalk, nor does it create a private cause of action against the abutting landowner for a breach of any such duty. We described an ordinance *1105 that does create such duties in Del Rio v. City of Hialeah, 904 So.2d 484 (Fla. 3d DCA 2005), but the County has not identified any comparable provisions in the County Code.
Finally, the County's "zone of risk" argument, citing McCain v. Fla. Power Corp., 593 So.2d 500 (Fla.1992), is unavailing. In that case, the Florida Supreme Court found that the greater-than-usual risks created by buried electrical cables imposed a greater-than-usual duty on the utility to carefully mark the location of those cables before allowing excavation in the area. A landowner's decision to plant a tree next to a sidewalk is not an analogous activity.
Conclusion
The County's "voluntary undertaking" cases relate to factual settings in which a party owing no duty to third parties voluntarily assumes such a duty and may thereafter be liable for failing to act with reasonable care. Examples include a funeral director who organizes and leads a funeral procession, or a floor cleaning company cleaning up an unexpected spill outside the scope of the company's normal work. In this case, however, the County apparently could not (because of its record-keeping), and therefore did not, allege that Deerwood or Techlawn ever trimmed a tree root near the sidewalk, repaired the sidewalk, or agreed with the County to perform any such tasks. After first allowing the County two attempts to amend, the trial court correctly dismissed the County's claims with prejudice.
Affirmed.