517 So.2d 678 (1988)
Robert Lee HALL, Petitioner,
v.
STATE of Florida, Respondent.
No. 67355.
Supreme Court of Florida.
January 7, 1988.
Richard L. Jorandby, Public Defender, 15th Judicial Circuit, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985), in which the district court affirmed Hall's convictions and sentences for two criminal offenses, armed robbery and possession of a firearm, which arose from one criminal act. The district court affirmed both convictions and certified the following question of great public importance:
In the wake of State v. Gibson, 452 So.2d 553 (Fla. 1984), may an offense proscribed by section 790.07(2), Florida Statutes, ever be considered a lesser included offense of the proscription of section 812.13(1) and (2), Florida Statutes?
Id. at 800. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find it appropriate to restate the question as follows:
Did the legislature intend that a defendant could be convicted of the offense of armed robbery under section 812.13(1) and (2)(a), Florida Statutes, and the offense of displaying a firearm or carrying a concealed firearm, under section 790.07(2), Florida Statutes, when the offenses resulted from a single act?
We find, in accordance with our recent decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), that the question must be answered in the negative, and our decision in State v. Gibson, 452 So.2d 553 (Fla. 1984), is overruled.
The relevant facts reflect that petitioner, Robert Lee Hall, entered a gas station, pulled a gun on the station operator, and took approximately $130. The charging information contained two counts. In count one, Hall was charged with having committed robbery "and in the course thereof, there was carried a firearm or other deadly *679 weapon, to wit: a handgun, said firearm or other deadly weapon being in the possession of Robert Lee Hall." Count two charged that Hall "did then and there unlawfully display, use, threaten to use, or attempt to use a firearm, or carry a concealed firearm, to wit: a handgun, while committing or attempting to commit a felony, to wit: robbery." Hall was convicted of armed robbery, as charged in count one, and possession of a firearm while engaged in a criminal offense, as charged in count two, and sentenced for each offense. Hall contends, while he may have been properly convicted of first-degree robbery while carrying a firearm under sections 812.13(1) and 812.13(2)(a), Florida Statutes (1983), he cannot also be convicted of displaying or carrying a firearm under section 790.07(2). The state, on the other hand, contends that our decision in Gibson controls and allows a conviction for both offenses.
The elements of robbery with a firearm are set forth in section 812.13:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree... .
(Emphasis supplied.) The elements of the offense of possession of a firearm are set forth in section 790.02(2):
Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree. ...
(Emphasis supplied.) In Gibson, we explained that section 790.07(2) proscribes two distinct offenses: (1) use, display, or attempt to use any firearm in a felony, and (2) carrying a concealed firearm in a felony. We held in Gibson that the offense charged under 790.07(2), with regard to using, displaying, or attempting to use any firearm in a felony, was not a lesser offense to armed robbery with a firearm. We upheld Gibson's conviction for both offenses.
Subsequent to Gibson, in Mills v. State, 476 So.2d 172 (Fla. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986), we found that dual convictions for both a homicide and an aggravated battery arising out of a single act were improper. We found it unreasonable to conclude that "the legislature intended dual convictions for both homicide and the [aggravated battery] that caused the homicide without causing additional injury to another person or property." Id. at 177.
In Houser v. State, 474 So.2d 1193 (Fla. 1985), we held that the legislature did not intend to punish a defendant twice for a single homicide, stating:
"The assumption underlying the Blockburger rule is that [the legislative body] ordinarily does not intend to punish the same offense under two different statutes." Ball v. United States, [470] U.S. [856], 105 S.Ct. 1668, 1672, 84 L.Ed.2d 740 (1985). This assumption should apply generally to statutory construction. While the legislature is free to punish the same crime under two or more statutes, it cannot be assumed that it ordinarily intends to do so.
Id. at 1196.
Similarly, in State v. Boivin, 487 So.2d 1037 (Fla. 1986), we held that a defendant could not be convicted of both aggravated battery and attempted first-degree murder.
In Carawan, in an extensive opinion reviewing all the related cases, we concluded that the appellant could not be convicted of both attempted manslaughter and aggravated battery, where those offenses were predicated on a single, underlying act. We emphasized that our holding applied only to separate punishments arising from one act  not one transaction. We found no evidence that the legislature intended multiple punishment under those circumstances, and held that in interpreting the statutes, we must resolve all doubts in favor of the appellant. In so holding, we set forth basic rules of statutory construction for application in these circumstances. We held that

*680 where there is a reasonable basis for concluding that the legislature did not intend multiple punishments, the rule of lenity contained in section 775.021(1) and our common law requires that the court find that multiple punishments are impermissible. For example, where the accused is charged under two statutory provisions that manifestly address the same evil and no clear evidence of legislative intent exists, the most reasonable conclusion usually is that the legislature did not intend to impose multiple punishments.
Id. at 168. In so holding, we receded from State v. Rodriguez, 500 So.2d 120 (Fla. 1986), in which we had held that a defendant could be convicted of both grand theft and robbery based on the same underlying act. In receding from that decision, we concluded that both of those offenses addressed the same evil and that dual punishments were improper. We noted that, if Rodriguez remained valid law, a defendant could suffer multiple punishments for a single act that constituted a property offense, but, on the other hand, a single act that resulted in personal injury could not be so punished under our decisions in Mills, Houser, and Boivin. We also receded, in part, from our holding in Rotenberry v. State, 468 So.2d 971 (Fla. 1985), concluding that a defendant could not be simultaneously convicted of both sale and possession, in addition to trafficking.
In the instant case, Hall was charged with both committing a robbery while carrying a firearm, under 812.13(1) and (2)(a), and the use and display of a firearm and the carrying of a concealed firearm while committing a felony, under 790.07(2). We hold the legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery. To hold otherwise would mean that, for every offense of robbery in which a defendant uses or carries or displays a firearm, in violation of section 812.13, there would also be a violation of section 790.02(2). Robbery, under section 812.13(1), becomes the enhanced offense of armed robbery under 812.13(2)(a) by reason of the element of carrying or displaying a firearm. Interpreting the statutes according to the state would mean the offense is enhanced twice for carrying or displaying the same weapon. It is unreasonable to presume the legislature intended this result. In accordance with Carawan, we find this would constitute a dual punishment for one single act, and would be contrary to the legislative intent under the principles set forth in our holdings in Carawan, Mills, Houser, and Boivin. For the reasons expressed above, and to harmonize our decisions, we overrule State v. Gibson, 452 So.2d 553 (Fla. 1984). Gibson was predicated largely on a lesser included offense theory, and the theory addressed in Carawan was not discussed.
Accordingly, we quash the decision of the district court of appeal in the instant case and remand for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
In 1983 the legislature amended section 775.021(4), Florida Statutes (1981), to provide for separate convictions and punishment for separate offenses committed in the course of one criminal transaction or episode. Separate offenses were defined as offenses each of which had one or more unique statutory elements. Ch. 83-156, § 1, Laws of Florida. The purpose of this legislation was to override this Court's single transaction rule which had formerly limited convictions in a criminal transaction to one offense. See my special concurrence to State v. Enmund, 476 So.2d 165 (Fla. 1985). In State v. Gibson, 452 So.2d 553 (Fla. 1984), we recognized that it was the legislature's prerogative, under the separation of powers doctrine, to define criminal offenses and prescribe their punishment and that there was no double jeopardy bar to "separate prosecutions and punishment of separate statutory crimes arising *681 in the same course of events." Id. at 558. We then examined the statutory elements of sections 812.13(1), (2)(a)-(b), and 790.07(2), Florida Statutes (1977), and determined that they defined separate criminal offenses. In doing so we concluded that a single act constitutes "one criminal transaction or episode" as used in section 775.021(4) and that multiple prosecutions and punishment for that single act were appropriate if two or more separate offenses were committed. In overruling Gibson, the majority is revisiting and reinterpreting the statutory words "one criminal transaction or episode" and holding that they do not apply when a single criminal act results in two or more separate criminal offenses. In contrast, the majority reasons that two or more acts do constitute a criminal transaction under section 775.021(4) for which multiple prosecutions and punishments are permitted. I dissent because I do not believe that the distinction drawn between one act and a series of acts reflects legislative intent when two separate criminal offenses are involved.