522 So.2d 88 (1988)
Rodney BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-987.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
Thomas W. Turner, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
Based on evidence that the defendant fired from the vehicle in which he was riding one rifle shot which struck one passenger in another vehicle, the defendant was convicted of three offenses: aggravated battery (§ 784.045(1)(b), Fla. Stat.); possession of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.); and shooting at, within, or into an occupied vehicle (§ 790.19, Fla. Stat.).
While it is not the duty of appellate courts to search for unraised points of law, for justice to prevail under our criminal system necessitates that all participants, the lawyers and judges, assume some duty to see that the correct law is equally applied in all criminal cases![1]
As to the single factual event of firing one gun one time, a defendant should not be, and under a good system of criminal law should not need to be,[2] convicted of three different offenses in order for justice to be done.[3]
The offense of aggravated battery, as distinguished from the offense of simple battery, is directed toward the "evil" of misusing a firearm or other deadly weapon when committing a battery and serves to make a felony out of what otherwise would be but a misdemeanor. Likewise the firearm offense proscribed by section 790.07(2), Florida Statutes, is directed against the "evil" of misusing a weapon or firearm during the commission of a felony. In substance, both offenses proscribe and punish the "same evil."
The conviction for both offenses based on one single factual event (one act of the defendant) appears to be a serious error.[4] *89 Perhaps the defendant can obtain justice as to this detail in some post conviction proceeding as it is fundamental error for a citizen to be confined in prison for a criminal offense for which, under the facts and law of the case, he cannot constitutionally be convicted.[5]
NOTES
[1] Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987).
[2] See Carawan v. State, 515 So.2d 161, 164 (Fla. 1987) ("It is presumed, however, that this legislative prerogative is not exercised by punishing the same offense under more than one statutory provision, since the legislature can achieve the same result with greater economy by merely increasing the penalty for the single underlying offense." [emphasis supplied]). See also the separate opinion in Bing v. State, 492 So.2d 833, 836 (Fla. 5th DCA 1986).
[3] See the separate opinions in Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985) and Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986).
[4] In Hall v. State, 517 So.2d 678 (Fla. 1988), it was held that a defendant could not be convicted of both committing armed robbery, under section 812.13(2)(a), Florida Statutes, and the use of a firearm while committing a felony, under section 790.07(2), Florida Statutes. The conviction and punishment for both committing a robbery while carrying a firearm (§ 812.13(2)(a), Fla. Stat.) and the use of a firearm while committing a felony (§ 790.07(2), Fla. Stat.) would mean the one underlying act or substantive offense is enhanced twice for the same reason: because a firearm was misused. Likewise, a defendant should not be convicted of both aggravated battery under section 784.045(1)(b), Florida Statutes, which requires the use of a firearm or other deadly weapon, and the use of a firearm while committing a felony, under section 790.07(2), Florida Statutes. Battery under section 784.03, Florida Statutes, becomes the enhanced offense of aggravated battery under section 784.045(1)(b), Florida Statutes, by reason of the use of a deadly weapon. Therefore a defendant should not be convicted and punished, or his punishment enhanced, twice because of one misuse one time of a firearm. When the firearm is an essential enhancing element of the underlying offense (here aggravated battery under section 784.045(1)(b), Florida Statutes), the defendant should not also be convicted and punished under section 790.07(2), Florida Statutes, for that same misuse of the same firearm.
[5] Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla. 1986).