526 So.2d 743 (1988)
Herbert HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2447.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 6, 1988.
Herbert Henderson, in Pro. Per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Henderson was convicted of "Possession of a Firearm in the Commission of a Felony," section 790.07, Florida Statutes (1987), and "Second Degree Murder by Use of a Firearm," sections 782.04(2) and 775.087, Florida Statutes (1987). Both of these convictions resulted from a single act by Henderson, i.e., the firing of a firearm at another individual.
Both convictions cannot stand. Faced with a similar question the fifth district held:
[A] defendant should not be convicted and punished, or his punishment enhanced, twice because of one misuse one time of a firearm. When the firearm is an essential enhancing element of the *744 underlying offense ... the defendant should not also be convicted and punished under section 790.07(2), Florida Statutes, for that same misuse of the same firearm.
Burton v. State, 522 So.2d 88, 89 n. 4 (Fla. 5th DCA 1988).
Current views of the Supreme Court of Florida on double jeopardy support our holding. See Hall v. State, 517 So.2d 678, 678 (Fla. 1988) (defendant cannot be convicted of both "the offense of armed robbery under section 812.13(1) and (2)(a), Florida Statutes, and the offense of displaying a firearm or carrying a concealed firearm, under section 790.07(2), Florida Statutes, when the offenses resulted from a single act"); Carawan v. State, 515 So.2d 161 (Fla. 1987) (defendant cannot be charged with both attempted manslaughter and aggravated battery where both offenses are predicated on a single underlying act).
The motion for post-conviction relief is granted in accordance with the above determination, and the cause is remanded for resentencing.