527 So.2d 300 (1988)
Francisco DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2357.
District Court of Appeal of Florida, Second District.
June 24, 1988.
*301 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Diaz appeals his convictions and sentences for the offenses of trafficking in cocaine and possession of a firearm during the commission of a felony. The only issue raised by Diaz which has merit is whether his single act of possessing a firearm can be utilized twice in arriving at Diaz's sentences for the offenses. Here, the trial court reclassified the offense of trafficking in cocaine from a first-degree felony to a life felony and thus enhanced Diaz's sentence, plus imposed a second conviction and sentence for possession of a firearm during the commission of the trafficking offense. Based on the analysis which follows, we conclude that the use of the possession of a firearm element in determining Diaz's sentences resulted in punishing Diaz twice for the same offense in a manner violative of double jeopardy protections. We remand the case to the trial court with instructions to vacate the possession of a firearm offense, to recalculate Diaz's recommended guidelines sentence absent the vacated conviction, and to correct certain errors which appear in the judgment and sentencing document.
The facts at trial reflect that Diaz negotiated with a Tampa Police Department undercover officer for Diaz to sell four ounces of cocaine. The sale was consummated in a parking lot where Diaz was arrested. At the time of arrest, the police seized a loaded and cocked semiautomatic firearm from Diaz's right hand.
The jury found Diaz guilty of trafficking in cocaine in an amount of twenty-eight grams or more, but less than two hundred grams in violation of section 893.135(1)(b)1, Florida Statutes (1985)[1] and possession of a firearm during the commission of a felony in violation of section 790.07(2), Florida Statutes (1985).[2] By special interrogatory, the jury found that Diaz did "carry, display, use, threaten or attempt to use a weapon while engaged in the offense of trafficking in cocaine."
Diaz's judgment for the trafficking offense reflects the crime to be a first-degree felony, which would be correct according to section 893.135(1)(b) if the trial court had not enhanced Diaz's trafficking offense to a life felony. The sentencing guidelines scoresheet, however, shows that the trial court reclassified the trafficking offense from a first-degree felony to a life felony, apparently under section 775.087(1)(a), Florida Statutes (1985).[3] This reclassification increased Diaz's sentencing guidelines points under the primary offense category *302 from 137 to 151 points. On the same scoresheet, the trial judge factored thirteen additional points for the firearm offense under the category of "additional offenses at conviction," making Diaz's point total 164. By two points, Diaz's point total placed him in the presumptive range of five and one-half to seven years. The trial court thereafter sentenced Diaz to seven years incarceration on each offense to be served concurrently. For reasons unclear from the record before this court, the sentencing document does not reflect that the trial judge imposed the mandatory prison sentence and fine for the trafficking offense required by the applicable statute.
In addressing the double jeopardy issue[4], we find that under the facts of this case, the possession of the firearm was predicated on a single underlying act; therefore, the double jeopardy analysis set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987) is applicable. Next, we undertake a step-by-step analysis in application of Carawan.
First, we find no clear and specific statements of legislative intent whether section 775.087(1)(a), the provision for reclassification of a felony for possession or use of a firearm during the commission of a felony, and section 790.07(2), the criminal offense for displaying, using, threatening or attempting to use a firearm or carrying a concealed firearm while committing a felony, are to be treated as separate offenses subject to separate convictions and sentences.
Second, in the absence of a clear legislative intent, we next apply the Blockburger test[5] found in section 775.021(4), Florida Statutes (1985),[6] to determine "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." The elements of the reclassification statute for possession or use of a firearm during the commission of a felony are set forth in section 775.087:
[D]uring the commission of such felony the defendant carries, displays, threatens, or attempts to use any ... firearm... .
§ 775.087(1), Fla. Stat. (1985). Similarly, the elements of the offense of possession of a firearm during the commission of a felony are set forth in section 790.07:
[W]hile committing or attempting to commit any felony ... [the accused] displays, uses, threatens, or attempts to use any firearm... .
§ 790.07(2), Fla. Stat. (1985). Finding that the elements are the same, we must presume that the legislature did not intend to punish a single act of possessing a firearm twice.
Although our analysis could end here, we will proceed with the third rule that requires courts to resolve all doubts in favor of lenity toward the accused. Application of such rule further supports the result we reach by our Blockburger analysis. Where there is a reasonable basis for concluding that the legislature did not intend multiple punishments, the rule of lenity contained in section 775.021(1), Florida Statutes (1985)[7] and our common law requires that the *303 court find that multiple punishments are impermissible. Both statutes, sections 775.087(1)(a) and 790.07(2), address the same evil, i.e., possessing a firearm during the commission of a felony. Accordingly, reason dictates that the legislature did not intend multiple punishments, and the rule of lenity requires that we resolve the issue in favor of the accused. Based upon the foregoing analysis, we find that Diaz can only be convicted and sentenced on the trafficking offense, because the possession of the firearm has been factored into the offense under section 775.087(1)(a), to increase his crime from a first-degree felony to a life felony.
We find support for this decision in Hall v. State, 517 So.2d 678 (Fla. 1988). Hall was convicted of and sentenced for armed robbery while carrying a firearm and possession of a firearm while committing or attempting to commit a felony, the robbery. In analyzing the two crimes, the supreme court stated:
In the instant case, Hall was charged with both committing a robbery while carrying a firearm, under 812.13(1) and (2)(a), and the use and display of a firearm and the carrying of a concealed firearm while committing a felony, under 790.07(2). We hold the legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery. To hold otherwise would mean that, for every offense of robbery in which a defendant uses or carries or displays a firearm, in violation of section 812.13, there would also be a violation of section 790.02(2).[[8]] Robbery, under section 812.13(1), becomes the enhanced offense of armed robbery under 812.13(2)(a) by reason of the element of carrying or displaying a firearm. Interpreting the statutes according to the state would mean the offense is enhanced twice for carrying or displaying the same weapon. It is unreasonable to presume the legislature intended this result. In accordance with Carawan, we find this would constitute a dual punishment for one single act, and would be contrary to the legislative intent under the principles set forth in our holdings in Carawan, Mills, Houser, and Boivin.[[9]]
Id. at 680.
We find no facts in Hall which would distinguish it from the facts in this case. To affirm both convictions and sentences would result in a double enhancement for the same firearm. Accordingly, we affirm the judgment for trafficking in cocaine and vacate the judgment and sentence for possession of a firearm during the commission of a felony. We remand this case to the trial court to recalculate Diaz's sentence under the sentencing guidelines and to resentence Diaz for the trafficking in cocaine offense. Further, the trial judge on remand should correct the judgment to reflect that the trafficking offense is a life felony and correct the sentencing document to show imposition of the mandatory sentencing provisions under section 893.135(1)(b)1.
Affirmed in part; vacated in part; remanded to the trial court for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Section 893.135(1)(b)1 provides:

(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
... .
(b) Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4 or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
1. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.
[2] Section 790.07(2) states:

(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
[3] Section 775.087(1)(a) provides:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
[4] The state contends that we should not consider the double jeopardy argument because Diaz failed to preserve this issue for appellate review. Holding that a violation of double jeopardy is fundamental error, see State v. Johnson, 483 So.2d 420 (Fla. 1986), and finding no waiver under the circumstances of this case, we will decide the double jeopardy issue.
[5] The Blockburger test is a rule of statutory construction established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[6] Section 775.021(4) states:

(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[7] Section 775.021(1) provides:

(1) The provisions of the code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
[8] Based upon other language in Hall, we believe the supreme court was referring to section 790.07(2).
[9] Carawan v. State, 515 So.2d 161 (Fla. 1987); Mills v. State, 476 So.2d 172 (Fla. 1985); Houser v. State, 474 So.2d 1193 (Fla. 1985); and State v. Boivin, 487 So.2d 1037 (Fla. 1986).