526 So.2d 1077 (1988)
Keith James MARION, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2681.
District Court of Appeal of Florida, Second District.
June 24, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candace M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Marion appeals his judgment and sentences after he pled guilty to first degree burglary, grand theft of a firearm, and carrying a firearm during the commission of a felony, and no contest to grand theft of money valued at $300 or more. Marion's only issue on appeal which has merit is whether the trial court violated Marion's double jeopardy protections[1] by convicting and sentencing Marion to both armed burglary[2] and possession of a concealed firearm while committing the burglary.[3] We agree with Marion and vacate the firearm offense and remand to the trial court to recalculate Marion's sentence under the sentencing guidelines and to resentence Marion for the three remaining felonies for which he stands convicted.
From the limited record before this court, it appears that Marion was convicted and sentenced for committing a burglary to a business and arming himself with a firearm while within the structure and for grand theft of a firearm and money from the business. At the same sentencing hearing, Marion was convicted and sentenced *1078 for carrying a concealed firearm while committing or attempting to commit a felony, burglary or grand theft, which apparently occurred the same time as the other crimes.
Because these offenses were predicated on a single underlying act[4], the conviction and sentencing for armed burglary and the offense of carrying a concealed firearm while committing or attempting to commit the felony of burglary or grand theft, does violate the double jeopardy clause of the state and federal constitutions. See Hall v. State, 517 So.2d 678 (Fla. 1988). In Hall, which involved the crimes of armed robbery and carrying a concealed firearm while committing the robbery, the supreme court, after an analysis of Carawan v. State, 515 So.2d 161 (Fla. 1987), stated:
In the instant case, Hall was charged with both committing a robbery while carrying a firearm, under 812.13(1) and (2)(a), and the use and display of a firearm and the carrying of a concealed firearm while committing a felony, under 790.07(2). We hold the legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery. To hold otherwise would mean that, for every offense of robbery in which a defendant uses or carries or displays a firearm, in violation of section 812.13, there would also be a violation of section 790.02(2).[[5]] Robbery, under section 812.13(1), becomes the enhanced offense of armed robbery under 812.13(2)(a) by reason of the element of carrying or displaying a firearm. Interpreting the statutes according to the state would mean the offense is enhanced twice for carrying or displaying the same weapon. It is unreasonable to presume the legislature intended this result. In accordance with Carawan, we find this would constitute a dual punishment for one single act, and would be contrary to the legislative intent under the principles set forth in our holdings in Carawan, Mills, Houser, and Boivin.[[6]]
Id. at 680. Further, Hall quoted from Carawan:
[W]here the accused is charged under two statutory provisions that manifestly address the same evil and no clear evidence of legislative intent exists, the most reasonable conclusion usually is that the legislature did not intend to impose multiple punishments.
515 So.2d at 168.
Although Hall involved an armed robbery and this case involved an armed burglary, we find no reason for reaching a different conclusion in this case. We hold that double jeopardy considerations prevent Marion from suffering a conviction for both armed burglary and carrying a concealed firearm while committing the burglary or grand theft at the business. Accordingly, we affirm Marion's convictions for armed burglary and two separate grand thefts and vacate his conviction and sentence for carrying the concealed firearm during the commission of a felony. We remand this case to the trial court to recalculate Marion's score under sentencing guidelines and to resentence Marion for the three remaining felonies for which he stands convicted.
Affirmed in part; vacated in part; remanded for resentencing.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The state contends that we should not consider the double jeopardy argument because Marion failed to preserve this issue for appellate review. Holding that a violation of double jeopardy is fundamental error, see State v. Johnson, 483 So.2d 420 (Fla. 1986), and finding no waiver under the circumstances of this case, we will decide the double jeopardy issue.
[2] Section 810.02(2)(b), Florida Statutes (1985) provides:

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
... .
(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.
[3] Section 790.07(2), Florida Statutes (1985) states:

(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
[4] In its brief, the state hypothesizes that this case may involve separate acts during a single transaction because Diaz was also charged with grand theft of a firearm in addition to first-degree burglary and carrying a concealed firearm during the commission of a felony. The record before us does not support a finding of separate acts.
[5] Based upon the other language in the Hall opinion, we believe the supreme court was referring to section 790.07(2), Florida Statutes (1985).
[6] Carawan v. State, 515 So.2d 161 (Fla. 1987); Mills v. State, 476 So.2d 172 (Fla. 1985); Houser v. State, 474 So.2d 1193 (Fla. 1985); and State v. Boivin, 487 So.2d 1037 (Fla. 1986).