532 So.2d 1133 (1988)
Terrance Lorenzo LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0110.
District Court of Appeal of Florida, Fourth District.
October 26, 1988.
*1134 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
On June 9, 1986, appellant, Terrance Lorenzo Love, was charged by information with two counts of armed robbery and one count of possession of a firearm during a felony. Appellant was convicted of all three offenses as charged, and, in sentencing, the trial court departed from the recommended guideline sentence. On appeal, this court affirmed appellant's convictions, but reversed his sentence because it found that three out of the four reasons given by the trial court for departure were invalid. However, this court specifically found that the fourth reason given  an escalating pattern of criminal behavior  was legally valid and factually supported by appellant's juvenile record. This court then remanded the cause for resentencing. See Love v. State, 515 So.2d 364 (Fla. 4th DCA 1987).
In resentencing appellant, the trial court once again departed from the sentencing guidelines due to the escalating pattern of criminal behavior and sentenced appellant to two concurrent sentences of nineteen years' imprisonment for the two counts of armed robbery and a concurrent sentence of fifteen years' imprisonment for the offense of possession of a firearm during a felony.
Appellant now contends 1) that the conviction and sentence for both robbery with a firearm and possession of a firearm during a felony violates the double jeopardy clause, and 2) that it was error to depart from the guidelines in sentencing.
We find no error demonstrated as to either point. We previously approved the departure from the guidelines for the reason given by the trial court and need not further consider that ground and its record support now.
As to Point I, we recognize that, at the time appellant was initially tried, a conviction and sentence on both charges arising out of a single criminal act was appropriate, State v. Gibson, 452 So.2d 553 (Fla. 1984); that thereafter, while this case was pending on appeal or remand, the Supreme Court of Florida overruled Gibson, holding in Hall v. State, 517 So.2d 678 (Fla. 1988), that the dual convictions and sentences on both charges arising out of a single criminal act was contrary to the legislative intent and, thus, under the rule of lenity contained in section 775.021(1), Florida Statutes (1987), and the common law multiple convictions and punishments under the present circumstances are impermissible.
*1135 In Harris v. State, 520 So.2d 639 (Fla. 1st DCA 1988), the First District Court of Appeal considered the applicability of Hall to a similar situation and determined that Hall was not intended to be applied retroactively. We take the same position here and hold Hall inapplicable to this case and, as did the First District, we certify the following question to the Supreme Court of Florida as one of great public importance:
WHERE APPELLANT'S CONVICTION OF TWO COUNTS OF ARMED ROBBERY AND ONE COUNT OF POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY (SAID ROBBERIES) WAS VALID UNDER THEN EXISTING LAW AND WAS AFFIRMED ON APPEAL TO THIS COURT, BUT THE DUAL SENTENCES THEREFOR WERE REVERSED ON SAID APPEAL DUE TO IMPROPER DESIGNATION OF SEVERAL INVALID GROUNDS FOR DEPARTURE FROM THE GUIDELINES, CAN APPELLANT NOW RELY RETROACTIVELY ON HALL V. STATE, 517 So.2d 678 (FLA. 1988), DECIDED BY THE SUPREME COURT OF FLORIDA DURING THE INTERIM, IN WHICH THE SUPREME COURT OVERRULED THE HOLDING IN STATE V. GIBSON, 452 So.2d 553 (FLA. 1984), THEREBY CHANGING THE PRIOR LAW BY PRECLUDING DUAL CONVICTIONS AND SENTENCES WHERE THE DEFENDANT IS CHARGED WITH TWO CRIMINAL VIOLATIONS ARISING OUT OF ONE CRIMINAL ACT.
We affirm the judgment and order appealed from.
DOWNEY, LETTS and STONE, JJ., concur.