545 So.2d 359 (1989)
Jerome GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02022.
District Court of Appeal of Florida, Second District.
May 24, 1989.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION FOR REHEARING
THREADGILL, Acting Chief Judge.
The motion for rehearing by appellant, Jerome Green, is granted. We withdraw our opinion of April 5, 1989, and substitute the following opinion:
*360 Jerome Green appeals his convictions and sentences for two counts of attempted first-degree murder with a firearm, two counts of possession of a firearm during the commission of a felony, and one count each of aggravated battery, kidnapping, and resisting arrest with violence.
We conclude, and the state concedes, that on these facts, separate convictions and sentences for attempted first-degree murder with a firearm and for possession of a firearm during the commission of a felony violate the double jeopardy provisions of the United States Constitution. Hall v. State, 517 So.2d 678 (Fla. 1988); Diaz v. State, 527 So.2d 300 (Fla. 2d DCA 1988); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988). Accordingly, we vacate the convictions and sentences for possession of a firearm during commission of a felony.
The appellant also contends that the trial court's written reasons for sentencing him beyond the recommended guidelines sentence are invalid. The first reason given for departure was that the appellant instigated a "one-man crime wave" only three days after he was released from jail and placed on community control. Because, presumably, each crime has already been factored into the guideline scoresheet, the characterization of a defendant's activities as a "crime wave" is not a valid reason for departure. Mathis v. State, 515 So.2d 214 (Fla. 1987); State v. Rousseau, 509 So.2d 281 (Fla. 1987).
In this case, the court focused on the fact that the crimes were committed just two days after the appellant was released from jail and placed on community control. The timing was properly considered and constitutes a clear and convincing reason for departure. Franks v. State, 502 So.2d 1369 (Fla. 2d DCA 1987).
The second reason given for departure was that the appellant endangered many persons by discharging a shotgun in a public housing project and forcing police to return fire to defend themselves. Appellant's actions demonstrated a flagrant disregard for the safety of others. This, too, is a valid reason for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988).
The third reason given for departure was that the appellant is a dangerous individual and a threat to society. We find this reason invalid because the court so concluded without citing reasons other than the facts of the criminal conduct then before it. Lerma v. State, 497 So.2d 736 (Fla. 1986).
In summary, we find two of the three reasons given for departure to be valid. Accordingly, we vacate the appellant's two convictions and sentences for possession of a firearm during the commission of a felony, and remand for preparation of a corrected scoresheet and resentencing. The trial court may again depart from the presumptive guideline range for the reasons found valid in this opinion. We affirm the appellant's convictions for attempted first-degree murder with a firearm, aggravated battery, kidnapping and resisting arrest with violence.
Reversed in part; affirmed in part.
PATTERSON and ALTENBERND, JJ., concur.