ON REHEARING
PER CURIAM.
We grant appellant’s motion for rehearing, and substitute the following opinion on rehearing:
Appellant’s convictions for both armed robbery and possession of a firearm during a felony constitute dual punishments for the same criminal offense pursuant to Hall v. State, 517 So.2d 678 (Fla.1988). Thus, we reverse the appellant’s conviction and sentence for possession of a firearm during the commission of a felony and remand the cause to the trial court for further proceedings consistent with this opinion.
Our decision in the instant case is not affected by this court’s recent decision in Love v. State, 532 So.2d 1133 (Fla. 4th DCA 1988). In Love, on appeal after remand, this court declined to apply Hall v. State, 517 So.2d 678, retroactively to Love’s dual conviction and sentence for armed robbery and possession of a firearm during a felony. However, Hall was decided after Love’s conviction was affirmed but while Love was on remand to the trial court for resentencing on other grounds. In contrast, in the instant appeal, appellant’s first direct appeal was pending before this court at the time Hall v. State was decided by the Florida Supreme Court. Thus, there is no question of retroactive application because appellant’s conviction was not final by appeal at the time Hall v. State was decided. Smith v. State, 496 So.2d 983 (Fla. 3d DCA 1986).
REVERSED AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.