550 So.2d 1141 (1989)
The STATE of Florida, Appellant,
v.
Roy Kenneth FINNEY, Appellee.
No. 89-229.
District Court of Appeal of Florida, Third District.
August 1, 1989.
Robert A. Butterworth, Atty. Gen., Janet Reno, State Atty., and Penny H. Brill, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
The State of Florida appeals the trial court's order granting defendant's motion for post-conviction relief and vacating defendant's conviction for possession of a firearm as duplicitous of his conviction for robbery with a firearm. The state correctly concedes that the trial court properly vacated defendant's firearm possession conviction. Hall v. State, 517 So.2d 678, 680 (Fla. 1988) ("[T]he legislature had no *1142 intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery"; such dual convictions are impermissible); see Carawan v. State, 515 So.2d 161 (Fla. 1987).[1] Recognizing that this court has applied Carawan and Hall retroactively in post-conviction proceedings, Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988), review granted, 545 So.2d 869 (Fla. 1989); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988),[2] the state requests that we certify conflict with Love v. State, 532 So.2d 1133 (Fla. 4th DCA 1988), review granted, No. 73,401 (Fla. Mar. 17, 1989),[3] and Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla. 1988), which hold to the contrary. In accordance with Pastor and Henderson, we affirm the retroactive application of Carawan and Hall. We certify conflict with Love and Harris.
Affirmed.
NOTES
[1] Because defendant committed the offenses before July 1, 1988, Carawan v. State, 515 So.2d 161 (Fla. 1987), and its progeny, not chapter 88-131, section 7, Laws of Florida, control. State v. Smith, 547 So.2d 613 (Fla. 1989).
[2] Accord Merckle v. State, 541 So.2d 1312 (Fla. 2d DCA), review granted, 545 So.2d 1369 (Fla. 1989); Spadaro v. State, 539 So.2d 1169 (Fla. 2d DCA 1989); State v. Etlinger, 538 So.2d 1354 (Fla. 2d DCA 1988); Jensen v. State, 538 So.2d 540 (Fla. 2d DCA), review granted, No. 73,828 (Fla. June 5, 1989); Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988), review granted, No. 73,496 (Fla. May 3, 1989); Gonzalez-Osorio v. State, 535 So.2d 644 (Fla. 2d DCA 1988), review denied, 544 So.2d 199 (Fla. 1989).
[3] In Love, the fourth district refused to apply Carawan upon defendant's appeal from resentencing.