PER CURIAM.
Inzel Gaitor appeals denial of his motion under Rule 3.800 Florida Rules of Criminal Procedure. We reverse.
Gaitor was convicted in 1980 of robbery, aggravated battery, and unlawful possession of a firearm while engaged in a criminal offense. The sentence was legal when imposed. See State v. Gibson, 452 So.2d 553 (Fla.1984). After the Florida Supreme Court’s decisions in Carawan v. State, 515 So.2d 161 (Fla.1987), and Hall v. State, 517 So.2d 678 (Fla.1988), Gaitor moved under Rule 3.800 to set aside the conviction of unlawful possession of a firearm while engaged in a criminal offense.
Our court has held that Carawan and Hall are retroactive. State v. Finney, 550 So.2d 1141 (Fla. 3d DCA 1989), review granted, No. 74,607 (Fla. Dec. 5, 1989); Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988), review granted, 545 So.2d 869 (Fla.1989); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988). We therefore reverse the order under review and remand with directions to vacate the conviction and sentence for unlawful possession of a firearm while engaged in a criminal offense. We certify express and direct conflict with Love v. State, 532 So.2d 1133 (Fla. 4th DCA 1988), review granted, No. 73,401 (Fla. Mar. 17, 1989), Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988), and Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla.1988).
Reversed and remanded with directions.