559 So.2d 198 (1990)
Terrance Lorenzo LOVE, Petitioner,
v.
STATE of Florida, Respondent.
No. 73401.
Supreme Court of Florida.
February 15, 1990.
Rehearing Denied May 1, 1990.
*199 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
EHRLICH, Chief Justice.
We have for review Love v. State, 532 So.2d 1133 (Fla. 4th DCA 1988), in which the district court certified a question as one of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On June 9, 1986, Terrance Love was charged with two counts of armed robbery with a firearm in violation of section 812.13(1) and (2)(a), Florida Statutes (1985), and one count of possession of a firearm while engaged in a criminal offense in violation of section 790.07(2), Florida Statutes (1985). Love was convicted of all three offenses as charged. In sentencing Love, the trial court departed from the recommended guideline sentence. On appeal, the Fourth District Court of Appeal found three of the four reasons given for departure to be invalid and remanded for resentencing. Love v. State, 515 So.2d 364 (Fla. 4th DCA 1987). In resentencing Love, the trial court again departed from the recommended guideline sentence based on the one reason previously found to be valid by the district court and Love again appealed to the Fourth District Court of Appeal.
At the time of Love's original trial and sentencing, first appeal to the district court, and subsequent resentencing, the decision of this Court in State v. Gibson, 452 So.2d 553 (Fla. 1984), overruled, Hall v. State, 517 So.2d 639 (Fla. 1988), was controlling with regard to dual convictions and sentences for the offenses at issue. Gibson held that separate prosecution and punishment was proper for the two offenses of robbery while armed and use or display of a firearm during the commission of a felony. Love's notice of appeal of the trial court's resentencing order was filed on January 7, 1988. On that same date, this Court issued its decision in Hall v. State, 517 So.2d 678 (Fla. 1988). Hall entered a gas station, pulled a gun on the station operator, and took approximately $130. Similar to Love, Hall was convicted of both robbery with a firearm and possession of a firearm while engaged in a criminal offense. This Court held that "the legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery." 517 So.2d at 680. The holding in Hall, which overruled Gibson, was based upon the basic rules of statutory construction set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987).[1]
Love, relying on Hall, argued that the conviction and sentence for both robbery with a firearm and possession of a firearm during a felony violated the double jeopardy clause. The district court below rejected Love's argument and concluded instead that Hall, although decided while this case was pending on appeal, was not intended to be applied retroactively. The district court affirmed the convictions and sentence and then certified the following question:
Where appellant's conviction of two counts of armed robbery and one count of possession of a firearm during the commission of a felony (said robberies) was valid under then existing law and was affirmed on appeal to this court, but the dual sentences therefor were reversed on said appeal due to improper designation of several invalid grounds for departure from the guidelines, can appellant now rely retroactively on Hall v. State, 517 So.2d 678 (Fla. 1988), decided by the Supreme Court of Florida during the interim, in which the Supreme Court overruled the holding in State v. Gibson, 452 So.2d 553 (Fla. 1984), thereby changing *200 the prior law by precluding dual convictions and sentences where the defendant is charged with two criminal violations arising out of one criminal act.
Love v. State, 532 So.2d at 1135.
Love first argues that this Court's decision in Hall was based on Carawan, in which it was made clear that the central issue was whether the double jeopardy clause was violated and that double jeopardy violations are fundamental and may be corrected at any time. We reject this argument. As this Court stated in State v. Smith, 547 So.2d 613, 614 (Fla. 1989):
With respect to cumulative sentences in a single trial, the dispositive question is whether the legislature intended separate convictions and sentences for the two crimes. State v. Gibson, 452 So.2d 553, 558 (Fla. 1984), receded from in part, State v. Enmund, 476 So.2d 165 (Fla. 1985); Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982). As the Supreme Court succinctly put it, "[w]ith respect to cumulative sentences in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The sole issue is legislative intent.
See also State v. Glenn, 558 So.2d 4 (Fla. 1990).
Love next argues that application of Hall would not be a retroactive application of that decision. In support of his argument, Love relies upon Cantor v. Davis, 489 So.2d 18, 20 (Fla. 1986), and State v. Safford, 484 So.2d 1244, 1245 (Fla. 1986), for the proposition that an appellate court is generally required to apply the law in effect at the time of its decision. We agree with the respondent that Love's reliance on the above decisions is misplaced.
Love was not in the original trial or original appellate process at the time this Court issued the decision in Hall. Safford, 484 So.2d at 1245. Accordingly, Love's case was not one which was still in the "pipeline" entitled to reliance on this Court's decision in Hall. At trial, Love was convicted of three offenses. In sentencing, the trial court departed from the recommended guideline sentence. Petitioner appealed to the Fourth District Court of Appeal. In its decision, the district court affirmed petitioner's "convictions and the revocation of probation" but reversed the sentence on the basis that three of the four reasons for departure given by the trial court were improper. Love v. State, 515 So.2d 364 (Fla. 4th DCA 1987). The district court then remanded the cause "to the trial court for resentencing in accord with Albritton v. State, 476 So.2d 158 (Fla. 1985)." Id.
Love did not seek review of the initial decision of the district court in this Court. Instead, the matter was remanded and proceeded in the trial court pursuant to the mandate and petitioner was resentenced. The affirmance of petitioner's convictions thus became final. The decision of the district court affirming petitioner's convictions became the law of the case, as did the decision that petitioner's escalating pattern of criminal behavior was a proper reason for departure. The only issue then pending in the cause was whether the trial court would again depart on the basis of the one reason found to be valid; the only topic which should have been addressed during petitioner's second appeal to the district court was whether the extent of departure by the trial court, supported by the one reason previously determined to be valid, was an abuse of discretion.[2]
Finally, we recognize that this Court has previously stated that "an appellate court does have the power to reconsider and correct erroneous rulings notwithstanding that such rulings have become the law of the case. Reconsideration is warranted only in exceptional circumstances and where reliance on the previous decision would result in manifest injustice." Preston v. State, 444 So.2d 939, 942 (Fla. 1984) *201 (citation omitted). In State v. Glenn, 558 So.2d at 5-6 (Fla. 1990), this Court recently rejected the contention that a defendant, whose convictions are final and fully adjudicated, may obtain relief in a postconviction claim that he was improperly convicted of multiple crimes arising from a single transaction. In reaching this conclusion, the Court held that "Carawan was an evolutionary refinement of the law which should not have retroactive application." Id., at 8. The same conclusion is warranted in the case at hand. As in Glenn, the retroactive application of Hall in the present case would not cure any individual injustice or unfairness. Love's convictions, which were proper under the law as it existed at the time of his trial and subsequent appeal, were final and fully adjudicated prior to his second appeal to the district court. Love will not be "subjected to any manifest injustice by now refusing to revisit his case." Glenn, at 9.
Accordingly, we answer the certified question in the negative and approve the decision of the district court below.
It is so ordered.
McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] This Court has recently held that the legislature, by enacting chapter 88-131, section 7, Laws of Florida, has overridden Carawan v. State, 515 So.2d 161 (Fla. 1987). It was also determined, however, that the override would not be retroactively applied. State v. Smith, 547 So.2d 613 (Fla. 1989).
[2] Accordingly, we decline to address Love's arguments that the trial court's reason for departure was invalid.