558 So.2d 409 (1990)
STATE of Florida, Petitioner,
v.
Roy Kenneth FINNEY, Respondent.
No. 74607.
Supreme Court of Florida.
March 8, 1990.
Robert A. Butterworth, Atty. Gen., Janet Reno, State Atty., and Penny H. Brill, Asst. State Atty., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
We review State v. Finney, 550 So.2d 1141 (Fla. 3d DCA 1989), because of certified conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla. 1988), and Love v. State, 532 So.2d 1133 (Fla. 4th DCA 1988), approved, 559 So.2d 198 (Fla. 1990). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and quash Finney.
In the instant case the district court affirmed the trial court's granting of Finney's motion for postconviction relief and its vacating of one of Finney's convictions based on the retroactive application of Carawan v. State, 515 So.2d 161 (Fla. 1987), and Hall v. State, 517 So.2d 678 (Fla. 1988). Recently, however, we held that a defendant whose convictions are fully adjudicated and final may not obtain postconviction relief based on a claim of improper conviction of multiple crimes arising from a single transaction. State v. Glenn, 558 So.2d 4 (Fla. 1990). In reaching this conclusion we also held that Carawan should not be applied retroactively. Hall, which is based on Carawan, is, like Carawan, an evolutionary refinement in the law. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). As such, Hall should not be applied retroactively through a motion for postconviction relief. Glenn; Love v. State, 559 So.2d 198 (Fla. 1990). Therefore, we quash Finney and direct the district court to reverse the trial court's order.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.