672 So.2d 602 (1996)
Matthew DIXON, Petitioner,
v.
Harry SINGLETARY, Respondent.
No. 95-3119.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Matthew Dixon, in pro. per.
Robert A. Butterworth, Attorney General, and Wanda Raiford, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Matthew Dixon, pursuant to Florida Rule of Appellate Procedure 9.100, petitions the *603 court for a writ of habeas corpus alleging ineffective assistance of appellate counsel, following our affirmance of petitioner's multiple criminal convictions and sentences. Dixon v. State, 592 So.2d 1241 (Fla. 3d DCA 1992). We grant the petition in part and address two of the points argued.
Dixon contends that his counsel was ineffective based on her failure to raise the issue of double jeopardy. It is true that under Hall v. State, 517 So.2d 678 (Fla.1988) and Carawan v. State, 515 So.2d 161 (Fla. 1987) Florida law provided that to prevent a double jeopardy violation, where both offenses resulted from a single act, a defendant convicted of one crime, in that case armed robbery, could not also be convicted of a second crime, possession of a firearm while committing that robbery, if the crimes have a common element or the second crime is used to enhance the sentence on the first. However, at the time of Dixon's direct appeal in September 1991, State v. Smith, 547 So.2d 613 (Fla.1989) was the controlling case on the double jeopardy issue. In Smith, the Florida Supreme Court found that the legislature had overridden the reasoning of Carawan by adding a specific statement of legislative intent regarding multiple punishment for the same acts.
In October 1991, however, the Florida Supreme Court issued Cleveland v. State, 587 So.2d 1145 (Fla.1991) in which the court stated that although its decision in Hall was predicated on Carawan, a decision repudiated by the legislature, Hall was still valid and controlling and held:
when a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence for use of a firearm while committing a felony.
Cleveland at 1146.
This court did not issue its decision as to Dixon until February 4, 1992. This gave Dixon's counsel almost four months to learn of the decision in Cleveland and argue its application to her client's case. Also, prior to counsel submitting her brief, the fifth district, in Cleveland v. State, 574 So.2d 289 (Fla. 5th DCA 1991), had already certified the very question of whether Hall was still good law because of direct conflict with the second district's opinion in Graham v. State, 559 So.2d 410 (Fla. 2d DCA 1990). It is true that generally appellate counsel's failure to file supplemental authority after argument will not be deemed to be conduct falling outside the range of professionally acceptable performance of appellate counsel. Darden v. State, 475 So.2d 214 (Fla.1985). Here, however, counsel should have been aware of a conflict between the districts on this very issue for almost a full year before Dixon's case.
Having failed to raise this issue constituted a serious and substantial deficiency falling below the standard of performance required of appellate counsel. See Middleton v. State, 465 So.2d 1218, 1227 (Fla.1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The point should have been raised on appeal and, if it had, it would have been successful as it was entirely meritorious. Habeas corpus lies in this court to correct this constitutional error. Monzon v. Singletary, 619 So.2d 527 (Fla. 3d DCA 1993). Thus, the firearm conviction should be removed from Dixon's record and his sentence as to that charge vacated.
Also, as the state concedes, Dixon is correct in asserting that in 1988, the year his offense was committed, the rules did not provide a permitted range for sentencing. In 1990, the permitted range was introduced. Had Dixon committed the offense in 1988, under the new scheme, the corrected sentence of 27 years for his second-degree murder conviction would have been a guidelines sentence within the permitted range and not a departure sentence requiring written reasons. However, under the instant facts, the state concedes that the 27-year sentence is improper and requires remand for resentencing, with the trial court permitted to provide written reasons for a departure.
Accordingly, the petition is denied in part, granted in part, and remanded. We order the trial court to vacate Dixon's conviction for possession of a firearm during the commission *604 of a felony and vacate his sentence as to that charge. Dixon's conviction for second-degree murder is affirmed; however, his sentence is vacated and the case remanded for resentencing.