PER CURIAM.
Barfield Burch (defendant) appeals an order denying his motion to vacate, set aside and/or correct illegal sentence. We affirm in part and reverse in part.
The defendant first alleges that the trial court erred in departing from his agreed upon sentence made pursuant to a plea for his failure to appear at the initial sentencing hearing, where the failure to appear was not attributable to him. This claim is procedurally barred. In 1993 the defendant filed a previous motion for post conviction relief in which he alleged the same ground. The trial court denied relief and this court affirmed the denial. See Burch v. State, 652 So.2d 827 (Fla. 3d DCA 1995). That determination is now the law of the case. See Love v. State, 559 So.2d 198, 200-01 (Fla.1990).
The defendant next contends that the trial court erred in sentencing him to a fifteen year term of imprisonment in case number 89-47276 for sale of a substance in lieu of a controlled substance, a third degree felony pursuant to section 817.563, Florida Statutes (1989). The state correctly concedes that this claim has merit. Prior to the 1994 amendments to the sentencing guidelines, a term of imprisonment imposed for a felony of the third degree could not exceed the statutory maximum of five years. See § 775.082(d), Fla. Stat. (1989). Accordingly, we reverse the sentence in case number 89^47276 and remand the matter to the trial court for correction of the sentence to reflect a five year term. The defendant need not be physically present.
We reject the defendant’s final contention regarding credit for time served in case number 89-47270. The record reflects that the trial court properly awarded him 456 days credit in this case.
Affirmed in part, reversed in part and remanded with directions.