# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4858

_____

ISAIAH SALOWITZ,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

September 9, 2019

PER CURIAM.

This is an appeal from a resentencing after the trial court partially granted Isaiah Salowitz's motion for postconviction relief. Finding no error, we affirm.

*Procedural History*

Salowitz pleaded to four felonies: (1) travelling to meet a minor to engage in unlawful acts, (2) using a two-way communication device to facilitate a felony, (3) soliciting a child via a computer to engage in sexual conduct, and (4) soliciting a child's guardian to allow a sexual act. He was sentenced to six years' imprisonment followed by nine years' sex offender probation on count one and to concurrent terms of five years' imprisonment on

the remaining counts.  This Court affirmed his convictions and sentences.  *Salowitz v. State*, 171 So. 3d 707 (Fla. 1st DCA 2015) (unpublished decision).

Salowitz moved for postconviction relief, raising several issues, including that his convictions and sentences violated double jeopardy because all the counts occurred on the same day, during a single criminal episode.  After an evidentiary hearing, the trial court found that two of the counts violated double jeopardy.  The court partially granted Salowitz's motion, vacating one of the convictions for solicitation and also the conviction for using a two-way communications device.  Salowitz did not appeal.[*]

Instead, Salowitz appeared for de novo resentencing on his remaining convictions for traveling to meet a minor and solicitation of a child via a computer.  Following a hearing, the trial court reimposed the same sentences—six years' imprisonment, followed by nine years' sex offender probation on count one and five years' imprisonment on count three.  This timely appeal follows.

*Analysis*

This appeal was filed under *Anders v. California*, 386 U.S. 738 (1967).  Resentencing is a new proceeding where the defendant is entitled to the full array of due process rights.  *State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008).  Salowitz was afforded due process.  He was represented by counsel, he addressed the court, and he presented mitigation evidence.  The amended written judgment shows that the trial court properly vacated counts two and four

---

[*] After Salowitz appealed the resentencing order, the Florida Supreme Court decided *Lee v. State*, 258 So. 3d 1297 (Fla. 2018).  But because Salowitz did not appeal the denial of postconviction relief as to his remaining convictions, we need not consider whether those convictions also violate double jeopardy under the holding in *Lee*.  *See Love v. State*, 559 So. 2d 198, 200 (Fla. 1990) (holding that when a defendant did not seek review in the supreme court of an appellate decision affirming his convictions but remanding for resentencing, the affirmance of his convictions became final and law of the case).

and sentenced Salowitz only on the convictions for traveling to meet a minor and soliciting a child via computer to engage in sexual conduct. The court imposed legal sentences for each offense. Thus, we find no error in the judgment and sentence entered on resentencing.

AFFIRMED.


ROBERTS, ROWE, and BILBREY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————


Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.